### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN HENDERSON,         :
     **Plaintiff**             :
                                 :
   **v.**                          :        **CIVIL ACTION NO. 21-CV-1526**
                                   :
COLONEL ROBERT EVANCHICKI,  :
*et al.*,                                 :
     **Defendants**          :

### MEMORANDUM

**PRATTER, J.**                                                           **DECEMBER 28, 2021**

     This matter comes before the Court by way of a complaint (ECF No. 2) brought by Plaintiff Brian Henderson, proceeding *pro se*. Also before the Court are Mr. Henderson's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 6), his Prisoner Trust Fund Account Statement (ECF No. 3), and his Motion for the Court to Request Counsel (ECF No. 7). Because it appears that Mr. Henderson is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, Mr. Henderson's claims against Defendant Kevin Steele will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and the remainder of his claims will be stayed.

## I.    FACTUAL ALLEGATIONS[1]

     Mr. Henderson, a prisoner currently incarcerated at Montgomery County Correctional Facility ("MCCF"), is awaiting trial on charges of failing to register as a sex offender with the Pennsylvania State Police, *see Commonwealth v. Henderson*, CP-46-CR-0003197-2020 (C.P.

---

[1] The factual allegations set forth in this Memorandum are taken from Mr. Henderson's Complaint (ECF No. 2).

Montgomery). He brings this civil rights action pursuant to 42 U.S.C. § 1983, asserting violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights arising from (1) an allegedly unlawful arrest; and (2) the disclosure of his personal information under Pennsylvania's Megan's Law on a public website which, he asserts, essentially deems him to be a sexually violent predator ("SVP"). (ECF No. 2 at 1-3.)[2] Mr. Henderson named the following defendants in this action: (1) Colonel Robert Evanchick,[3] Commissioner of the Pennsylvania State Police; (2) Detective S. Nisbet of the Abington Township Police Department; and (3) Kevin Steele, the District Attorney for Montgomery County. (*Id.* at 1-2.)

Mr. Henderson alleges that he is a "Tier I sex offender on parole in New Jersey" where he "does not have to register for life" as a sex offender. (*Id.* at 10.) He also alleges that in New Jersey, his information is "not made public." (*Id.*) Mr. Henderson claims that he "worked in PA on (2) separate occasions" and "officially registered in PA. on Sept. 11, 2008."[4] (*Id.*) However, as noted, publicly available records show that Mr. Henderson was criminally charged with two counts of failing to register with the Pennsylvania State Police in violation of 18 Pa. C.S.A. § 4915.2 in the summer of 2020, and Mr. Henderson is awaiting trial on those charges.

In connection with those charges, Mr. Henderson alleges that Defendant Nisbet violated his constitutional rights by "falsif[y]ing an affidavit of probable cause" which resulted in Mr.

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Defendant Evanchick's last name is misspelled in the Complaint as "Evanchicki". *See* https://www.psp.pa.gov/Pages/psp-commissioner-biography.aspx (last viewed 12/27/21). The Court will use the proper spelling of his name throughout this Memorandum.

[4] Mr. Henderson appears to concede that he is subject to the registration requirements of Pennsylvania's Megan's Law. (ECF No. 2 at 10.) The Court takes no position on whether or not Mr. Henderson is required to register under Pennsylvania's Megan's Law and nothing in this memorandum should be construed as determinative with respect to that issue.

Henderson's "unlawful arrest by 'grandfathering' [Mr. Henderson] into Act 29."[5]  (ECF No. 2 at 3.)  Mr. Henderson further alleges that his Fifth Amendment due process rights were violated when his personal information was disclosed "to the public on PA. Megan's Law [website] without a hearing" which "in essence deem[ed] [Mr. Henderson] as a . . . (SVP)."[6]  (*Id.*)  It appears that Mr. Henderson specifically seeks to challenge this SVP classification.  He contends that he had two separate evaluations done (one in 2007 and one in 2018) which deemed him "not to be a sexual[ly] violent predator."  (*Id.* at 10.)  He further asserts that the Pennsylvania State Police are required to "automatically remove offenders not determined to be [] SVP[s] from the registry after 10 years" but apparently failed to do so in his case.  (*Id.*)  Mr. Henderson also claims that his Fourteenth Amendment rights were violated because he was "treated differently than in-state offenders" and thus he did not have "equal rights[.]"  (*Id.* at 3.)  Based on these allegations, Mr. Henderson seeks $85,000 in damages for each year his information was made public for a total claim of $1,105,000.  (*Id.* at 5.)  He also asks the Court to remove him from the Pennsylvania Megan's Law Registry.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Mr. Henderson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7]  Accordingly, 28

---

[5] "Act 29 is the fifth iteration of the [Pennsylvania] law commonly referred to as Megan's Law. The prior iterations have all been struck down, or struck down in part[.]" *See T.S. v. Pennsylvania State Police*, 231 A.3d 103, 108 (Pa. Commw. Ct. 2020), *rev'd on other grounds*, 241 A.3d 1091 (Pa. 2020).

[6] Similarly, Mr. Henderson claims that his Eighth Amendment rights were "violated by being viewed on a public website as a S.V.P." (*Id.* at 3.)  He further contends that this amounted to "defamation of character." (*Id.*)

[7] However, because Mr. Henderson is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief"). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Mr. Henderson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## II.   DISCUSSION

The statutory vehicle by which federal constitutional claims may be brought to court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Claims against District Attorney Kevin Steele

Mr. Henderson names Montgomery County District Attorney Kevin Steele as a defendant in this action, but only lists him in the caption of the Complaint and on the designated lines for "Defendants" on the form Mr. Henderson utilized to commence this action. He does not, however, set forth any factual allegations against Mr. Steele. The Court understands Mr. Henderson to be bringing claims against Mr. Steele based on supervisory role as the District Attorney for Montgomery County – the Office which brought the pending criminal charges against Mr. Henderson. Any such claims against Mr. Steele must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *id.*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand

jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Because Mr. Henderson's claims against Mr. Steele appear to be based upon Mr. Steele's actions as a Commonwealth prosecutor in bringing criminal charges against Mr. Henderson, Mr. Steele is entitled to absolute immunity and the claims against him will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     Claims against Defendant Evanchick and Nisbet**

Mr. Henderson also names Col. Evanchick and Det. Nisbet as defendants and seeks to challenge (1) the registration requirements under Pennsylvania's Megan's Law, (2) the disclosure of his personal information under that law, and (3) his arrest and prosecution for failure to register with the Pennsylvania State Police as required by that law, claiming that his constitutional right have been violated. He specifically seeks monetary damages and removal of his name and information from the Megan's Law Registry. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of*

*Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exception to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, Civ. A. No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case. First, the publicly available docket for the Court of Common Pleas of Montgomery County demonstrates that pending criminal proceedings against Mr. Henderson charge him with failing to register with the Pennsylvania State Police as required under Pennsylvania law. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Mr. Henderson an adequate opportunity to argue in the state forum that the registration requirements of Megan's Law and his arrest and prosecution under § 4915.2 are unconstitutional and violative of his rights.[8] There is nothing in the Complaint to suggest

---

[8] This Court may assume that the state procedures will afford Mr. Henderson an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").

that Mr. Henderson falls within any of the narrow exceptions to the *Younger* doctrine.

Accordingly, the Court will abstain from entertaining Mr. Henderson's remaining claims out of

deference to the state judicial process. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a

plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to

rulings that will likely be made in a pending or anticipated criminal trial), it is within the power

of the district court, and in accord with common practice, to stay the civil action until the

criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately

convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512

U.S. 477, 486-87 (1994)] will require dismissal; otherwise, the civil action will proceed, absent

some other bar to suit." (citations omitted)); *see also Ellis v. Mondello*, Civ. A. No. 05-1492,

2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a

state trial or appellate court, review of the state court proceedings would be barred; a district

court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff

can raise there.").

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Mr. Henderson leave to proceed *in forma*

*pauperis*.  Mr. Henderson's claims against Kevin Steele are dismissed with prejudice pursuant to

28 U.S.C. § 1915(e)(2)(B)(iii).  The remainder of Mr. Henderson's claims are stayed pursuant to

*Younger*.[9]  Mr. Henderson may move to reopen this action following resolution of his criminal

---

[9] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) ("Williams' civil rights claims seek damages, relief that is unavailable from his ongoing state proceedings.  We have required the district court to stay rather than dismiss claims that are under consideration in ongoing state proceedings.").

case.[10]  Mr. Henderson's Motion for the Court to Request Counsel (ECF No. 7) is denied.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER, J.

---

[10]  Given the need to stay further proceedings, the Court expresses no opinion at this time whether any remaining claims suffers any additional deficiencies.