IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN HENDERSON,<br>     Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-1526 |
| COLONEL ROBERT EVANCHICKI,<br>*et al.*,<br>     Defendants. | :<br>:<br>:<br>: |

**MEMORANDUM**

PRATTER, J.                                                                    JUNE      , 2023

This matter comes before the Court by way of a Motion in Support of Factual Allegations Against New Defendants in Amended Complaint (hereinafter, "Motion in Support") (ECF No. 17) filed by Plaintiff Brian Henderson, who is proceeding *pro se*. For the following reasons, the Court will deny Mr. Henderson's Motion in Support and direct Mr. Henderson to file one comprehensive amended complaint that clearly identifies all of the defendants he seeks to sue, sets forth all of his factual allegations and legal claims against these defendants, and attaches any exhibits he seeks to include with his pleading.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On March 29, 2021, Mr. Henderson, a former prisoner previously incarcerated at Montgomery County Correctional Facility ("MCCF"), brought this civil rights action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights arising from (1) an allegedly unlawful arrest for failing to register as a sex offender with the Pennsylvania State Police; and (2) the disclosure of his personal information under Pennsylvania's Megan's Law on a public website which, he asserts, essentially deems him to be a sexually violent

predator ("SVP"). (Compl. ECF No. 2 at 1-3.)[1] Mr. Henderson's Complaint named three defendants: (1) Colonel Robert Evanchick, Commissioner of the Pennsylvania State Police; (2) Detective S. Nisbet of the Abington Township Police Department; and (3) Kevin Steele, the District Attorney for Montgomery County. (*Id.* at 1-2.) Publicly available records from that time indicated that Mr. Henderson was criminally charged with two counts of failing to register with the Pennsylvania State Police in violation of 18 Pa. C.S.A. § 4915.2 in the summer of 2020 and was still awaiting trial on those charges. *See Henderson v. Evanchicki*, No. 21-1526, 2021 WL 6136929, at *1 (E.D. Pa. Dec. 29, 2021) (citing *Commonwealth v. Henderson*, CP-46-CR-0003197-2020 (C.P. Montgomery)).

By Memorandum and Order dated December 29, 2021, the Court granted Mr. Henderson's request to proceed *in forma pauperis*, deemed his Complaint filed, and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Henderson*, 2021 WL 6136929, at *1. The Court dismissed Mr. Henderson's § 1983 claims against Mr. Steele with prejudice based on absolute immunity. *Id.* at *3. However, the Court abstained from screening Mr. Henderson's remaining claims against Colonel Evanchick and Detective Nisbet out of deference to the state judicial process, stayed those claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and closed this case. *Id.* at *3-*4. The Court noted that Mr. Henderson could move to reopen this matter following the resolution of his state court criminal case. *Id.* at *4.

On September 1, 2022, Mr. Henderson moved to reopen this matter and sought leave to amend his original Complaint to add three new defendants: (1) Sgt. O.E. Rowles, Commander with the Pennsylvania State Police; (2) Casey E. Loos, Legal Assistant with the Pennsylvania State Police; and (3) Officer Bob Sobeck. (ECF No. 10 at 1-2.) The Court granted Mr. Henderson's

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

request to reopen this matter and to amend his complaint by Order dated September 12, 2022. (*See* ECF No. 11.) Mr. Henderson did not file an amended complaint in response to the Court's Order. Instead, Mr. Henderson filed a Motion to Proceed with Service seeking guidance from the Court on how to serve the defendants in this matter. (*See* ECF No. 12.) The Court denied Mr. Henderson's motion and specifically directed him to file an amended complaint on be before November 4, 2022. (*See* ECF No. 13.) On October 17, 2022, Mr. Henderson filed a Motion for Time Extension and Explanation seeking an extension of time to file his amended complaint and expressing his "confusion" about what was "needed when the Court . . . ask[ed] for an amended complaint[.]" (*See* ECF No. 15 at 1.) On October 21, 2022, the Court issued an Order extending Mr. Henderson's time to file an amended complaint to December 4, 2022 and directing Mr. Henderson to include factual allegations against the three new defendants. (*See* ECF No. 16.) On November 17, 2022, Mr. Henderson filed the Motion in Support now pending before the Court finally setting forth factual allegations regarding the involvement of Sgt. Rowles, Ms. Loos, and Officer Sobeck.[2] Mr. Henderson also attached several exhibits to his Motion in Support that he apparently seeks to include as part of his amended filing.

## II.   STANDARD OF REVIEW

Because Mr. Henderson is proceeding *in forma pauperis*, his Complaint, and any amended complaints, are subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss a complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. The Court construes his *pro se* allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir.

---

[2] Mr. Henderson's Motion to Reopen (ECF No. 10), which first identified Sgt. Rowles, Ms. Loos, and Officer Sobeck as defendants, did not contain any factual allegations against them.

2013)). "This means [the Court] remain[s] flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* at *2 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

## III. DISCUSSION

The Court's December 29, 2021 Memorandum and Order screened the original Complaint (ECF No. 2) that Mr. Henderson filed on March 29, 2021 pursuant to § 1915(e)(2)(B). *Henderson*, 2021 WL 6136929, at *1. The § 1983 claims against Colonel Evanchick and Detective Nisbet were stayed under *Younger* based on the allegations in that specific pleading. *Id.* at *3-*4. In order to screen Mr. Henderson's § 1983 claims against Colonel Evanchick and Detective Nisbet and determine whether he has stated any plausible claims for relief now that his state court criminal case has been resolve, the Court is bound by the allegations of the original Complaint (ECF No. 2) he submitted on March 29, 2021. However, Mr. Henderson subsequently sought leave to amend his original Complaint to add three additional defendants by way of his Motion to Reopen. (*See* ECF No. 10.) Then Mr. Henderson filed the Motion in Support seeking to add factual allegations as Sgt. Rowles, Ms. Loos, and Officer Sobeck that were not alleged in his original Complaint or in his Motion to Reopen. Mr. Henderson's Motion in Support complicates the Court's ability to screen the previously stayed claims against Colonel Evanchick and Detective Nisbet because the factual allegations in support of those claims were alleged in the original Complaint, which does not name Sgt. Rowles, Ms. Loos, and Officer Sobeck or make allegations against these new defendants. Essentially, Mr. Henderson has not yet filed a proper amended complaint in this case.

4

Rather, Mr. Henderson has filed three separate piecemeal submissions: (1) the original Complaint (ECF No. 2), which names Colonel Evanchick and Detective Nisbet and contains allegations against them; (2) the Motion to Reopen (ECF No. 10), which simply names Sgt. Rowles, Ms. Loos, and Officer Sobeck as new defendants; and (3) the Motion in Support (ECF No. 17), which makes factual allegations Sgt. Rowles, Ms. Loos, and Officer Sobeck and contains exhibits not previously included.

As a general rule, the Court does not authorize piecemeal amendment or gradual supplementation of the operative pleading over time, which is essentially what Mr. Henderson seeks to do by way of his Motion in Support. Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, "presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." *See Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011) (denying *pro se* plaintiff's motion seeking to provide the court with updated information, dismissing plaintiff's complaint, and granting leave to file an amended complaint "so that all of his allegations and claims can be presented in a single pleading."). Moreover, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* And while the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019). "Therefore, as a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D.

5

Pa. Mar. 29, 2012). Here, Mr. Henderson is representing himself and may not have appreciated that, by seeking leave to amend and submitting the Motion in Support, he was effectively abandoning the factual allegations and claims raised in his original Complaint (ECF No. 2).

Therefore, in order to conduct a comprehensive screening of Mr. Henderson's claims and facilitate the streamlining of this case in the future, the Court will deny the Motion in Support. However, the Court will grant Mr. Henderson thirty (30) days to file an amended complaint in this matter to include the allegations against Sgt. Rowles, Ms. Loos, and Officer Sobeck as well as his allegations against Colonel Evanchick and Detective Nisbet as alleged in the original Complaint. Mr. Henderson is on notice, however, when the Court screens any amended complaint in accordance with § 1915, the Court will be limited to the allegations in the amended complaint in determining whether Mr. Henderson has stated a claim for relief. *See Argentina*, 2019 WL 2538020, at *1 n.3 (recognizing that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings."). In drafting his amended complaint, Mr. Henderson should be aware that his amended complaint must identify ***all defendants*** in the caption in addition to identifying them in the body of the amended complaint, shall state the basis for Mr. Henderson's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-1526. When Mr. Henderson files his amended complaint, it must be a complete document that includes all of the bases for Mr. Henderson's claims against all of the defendants he seeks to sue. Claims that are not included in the amended complaint will not be considered part of this case. Thus, when drafting his amended complaint, Mr. Henderson should be mindful to include all of the factual allegations in a ***single, comprehensive document*** that encompasses all the relevant allegations from his initial Complaint and from his subsequent submissions, including any exhibits he may wish to attach.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Mr. Henderson's Motion in Support. Mr. Henderson will be given leave to file a single, comprehensive amended complaint within thirty (30) days. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

_____
GENE E.K. PRATTER, J.